UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOE MOORE, | : | |
|     Plaintiff, | : | CASE NO. 3:15-cv-775 (VAB) |
| | : | |
| v. | : | |
| | : | |
| CAROLE CHAPEDELAINE, | : | JULY 17, 2015 |
|     Defendant. | : | |

## INITIAL REVIEW ORDER

Plaintiff, Joe Moore, currently incarcerated at the MacDougall-Walker Correctional Institution in Suffield, Connecticut, filed a Complaint *pro se* under 42 U.S.C. § 1983. The Court received the Complaint on May 21, 2015 and granted Mr. Moore's motion to proceed *in forma pauperis* on May 27, 2015. In this action, Mr. Moore challenges his sex offender classification score.

The only defendant named in the case caption is Warden Carole Chapdelaine. ECF No. 1 at 1. Although Mr. Moore alleges facts concerning Dr. Coleman, Counselor Supervisor Weldon, and Mental Health Counselor Susan Wright in the body of the Complaint, those individuals are not included in the case caption and are therefore not considered defendants in this case. Fed. R. Civ. P 10(a) ("The title of the complaint must name all the parties"); *Robles v. Armstrong*, No. 3:03-cv-1634 (DFM), 2006 WL 752857, at *1 (D. Conn. Mar. 17, 2006) ("Because the John and Jane Does are not listed in the caption of the amended complaint, they are not defendants and the court does not consider claims against them."); *Gilhooly v. Armstrong*, No. 3:03-cv-1798 (MRK) (WIG), 2006 WL 322473, at *2 (D. Conn. Feb. 9, 2006) ("Because [plaintiff] has not included [certain parties] in the caption of his Complaint, they are not defendants in this action at this time and the Court will not consider any claims against them."). However, because the Court gives Mr. Moore leave to file an amended complaint naming those individuals in the caption, the Court

will consider whether he has stated cognizable claims against them.

I.  Standard of Review

Under section 1915A of title 28 of the United States Code, the Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  In reviewing a *pro se* complaint, the Court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]."  *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).  Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief.  *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007).  Conclusory allegations are not sufficient.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  "'A document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Boykin v. KeyCorp.*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

II.  Allegations

For purposes of this review, the Court must assume the truth of the following allegations.  *Twombly*, 550 U.S. at 555.

On January 20, 2015, Mr. Moore received an Offender Accountability Plan from Unit Counselor Aubey.  When Mr. Moore sought an explanation, Counselor Aubey told him that he had been placed on the sex offender program list and that his sex offense score was 3.  Mr. Moore subsequently learned that a mental health program that he had completed with defendant

Wright was also a sex offender program.

Mr. Moore alleges that he has never been arrested or convicted of a sex offense. He wrote several letters to Dr. Coleman seeking a copy of his mental health file. On February 10, 2015, Counselor Rosario told Mr. Moore that Dr. Coleman would not see him and that he should write to the medical records specialist for his mental health file. Mr. Moore has not received a copy of his mental health file.

Mr. Moore wrote to Counselor Supervisor Weldon seeking a reduction in his sex offense score. Counselor Supervisor Weldon allegedly refused and acted unprofessionally.

Mr. Moore alleges that, as a result of his sex offender classification score, he has suffered severe panic attacks and a heart attack.

III.   Analysis

   A.   Warden Chapdelaine

As noted above, Warden Chapdelaine is currently the only defendant properly named in this action. Mr. Moore states that he is suing Warden Chapdelaine under a theory of *respondeat superior.*

The doctrine of *respondeat superior* is not applicable under section 1983. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Thus, Warden Chapdelaine cannot be held liable merely because of her position in the chain of command. Before Mr. Moore can obtain an award of damages against any defendant, he must allege facts showing that defendant's personal involvement in the alleged deprivation of his constitutional rights. *See Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010).

Mr. Moore relies on Warden Chapdelaine's upholding grievance decisions denying him access to his mental health records. The district courts in the Second Circuit "are divided regarding whether review and denial of a grievance constitutes personal involvement in the

3

underlying unconstitutional act." *Burton v. Lynch*, 664 F. Supp. 2d 349, 360 (S.D.N.Y. 2009). Although there are numerous decisions holding that affirming a grievance, without more, is insufficient to establish personal involvement, *e.g.*, *Pagan v. Corr. Med. Servs.*, 2012 WL 2036041, at *6 (S.D.N.Y. June 6, 2012) ("Courts in this district have repeatedly held that affirming the administrative denial of a prison inmate's grievance by a high-level official is insufficient to establish personal involvement under section 1983.") (internal quotation marks and citation omitted), other cases have found this action sufficient to state a claim where the official actually reviewed the appeal and the action was ongoing, so the official could have corrected the constitutional violation. *See, e.g.*, *Jean-Laurant v. Lane*, No. 9:11-CV-186 (NAM/TWD), 2014 WL 5335981, at *11 (N.D.N.Y. Oct. 20, 2014) (citing cases).

Although the Second Circuit has not addressed this issue, other courts have held that prisoners have no constitutional right to review or obtain copies of their prison medical records. *E.g.*, *Dill v. Ascension Parish*, No. 12-0083-JJB-RLB, 2013 WL 4499030, at *6 (M.D. La. Aug. 19, 2013) (prisoner "does not have a constitutional right to copies of his prison medical records"); *Martikean v. United States*, No. 3:11-CV-1774-M-BH, 2012 WL 1986919, at *4 (N.D. Tex. Apr. 6, 2012) ("there is no *constitutional* requirement that an inmate be given the right to review or obtain his prison medical records") (emphasis in original); *Smith v. Humphrey*, No. 5:12-cv-15-MTT-CHW, 2012 WL 774963, at *6 (M.D. Ga. Feb. 13, 2012) ("A prisoner does not have a general constitutional right to access [his medical records]."); *Ball v. Famiglio*, No. 1:CV-08-0700, 2011 WL 1304614, at *9 (M.D. Pa. Mar. 31, 2011) ("While inmates have a constitutional right to access to medical care, . . . there is no authority for an Eighth Amendment right to review medical records.").

Because a prisoner has no constitutional right to access or obtain copies of his prison mental health records, Warden Chapdelaine's affirmance of grievance decisions denying Mr.

4

Moore access to his medical records cannot amount to a constitutional violation. Thus, even if the Court were to conclude that Mr. Moore had sufficiently alleged Warden Chapdelaine's personal involvement, he has identified no underlying constitutional injury. Accordingly, the claims against Warden Chapdelaine are dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

> B. Dr. Coleman, Counselor Wright, and Counselor Supervisor Weldon

Mr. Moore states that Dr. Coleman and Mental Health Specialist Wright were negligent in having him complete programs utilized for sex offenders and classifying him at sex offense level 3. Mr. Moore states that Counselor Supervisor Weldon refused to reduce his sex offense level, failed to explain how the classification came about, and acted unprofessionally.

Claims for negligence are not cognizable under section 1983. *See Hayes v. New York City Dep't of Corrections*, 84 F.3d 614, 620 (2d Cir. 1996) ("[T]o state a cognizable section 1983 claim, the prisoner must allege actions or omissions sufficient to demonstrate deliberate indifference; mere negligence will not suffice."). Thus, any claim that Dr. Coleman and Counselor Wright were negligent is not cognizable in this action.

Nor is unprofessional conduct sufficient to state a cognizable claim. Verbal threats and harassment have been held not to state a cognizable claim under section 1983. *See Purcell v. Coughlin*, 790 F.2d 263, 265 (2d Cir. 1986) (name-calling without appreciable injury not constitutional injury); *Jean-Laurent v. Wilkerson*, 438 F. Supp. 2d 318, 325 (S.D.N.Y. 2006) (threats and verbal harassment do not rise to the level of a constitutional violation); *Aziz Zarif Shabazz v. Pico*, 994 F. Supp. 460, 474 (S.D.N.Y. 1998) (verbal harassment or profanity alone, regardless how inappropriate or unprofessional, is not actionable under section 1983).

The claim for improper classification, however, may have merit. "[I]t continues to be the case that wrongly classifying an inmate as a sex offender may have a stigmatizing effect which implicates a constitutional liberty interest." *Vega v. Lantz*, 596 F.2d 77, 81-82 (2d Cir. 2010). If

5

Mr. Moore elects to file an amended complaint naming these three defendants, the Court may order that this claim proceed.

IV. Motion to Amend Complaint

Mr. Moore has moved to amend his Complaint to add as defendants Eileen Redden, Director of Mental Health at MacDougall-Walker Correctional Institution, and Len Dutkeiwicz, a Psychiatric Social Worker at MacDougall-Walker Correctional Institution. He alleges that these individuals are responsible for making him complete a sex offender program.

This motion is granted in part and denied in part. The Court does not grant Mr. Moore leave to amend his original Complaint, but may add these individuals as defendants in an amended complaint to the extent that he can allege plausibly that these individuals' conduct amounted to more than mere negligence.

V. Motion for Appointment of Counsel

Mr. Moore seeks appointment of *pro bono* counsel in this action pursuant to 28 U.S.C. § 1915. The Second Circuit repeatedly has cautioned the district courts against the routine appointment of counsel. *See, e.g., Ferrelli v. River Manor Health Care Center*, 323 F.3d 196, 204 (2d Cir. 2003); *Hendricks v. Coughlin*, 114 F.3d 390, 396 (2d Cir. 1997). The Second Circuit also has made clear that before an appointment is even considered, the indigent person must demonstrate that he is unable to obtain counsel. *Saviano v. Local 32B-32J*, 75 F. App'x 58, 59 (2d Cir. 2003) (quoting *Cooper v. A Sargenti Co.*, 877 F.2d 170, 173 (2d Cir. 1989)).

In his motion, Mr. Moore conceded that he has made no attempts to obtain representation or legal assistance. Thus, it is not clear that Mr. Moore cannot obtain legal assistance on his own for this case. Mr. Moore's motion to appoint counsel is denied without prejudice.

**ORDERS**

In accordance with the foregoing analysis, the court enters the following orders:

6

(1)  Mr. Moore's motion for appointment of counsel [**Doc. #3**] is **DENIED** without prejudice.

(2)  All claims against defendant Chapdelaine are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).

(3)  Mr. Moore's motion to amend [**Doc. # 8**] is **GRANTED IN PART and DENIED IN PART**.

(4)  If Mr. Moore wishes to proceed on the challenge to his classification as sex offense level 3 against Dr. Coleman, Counselor Wright, and/or Counselor Supervisor Weldon, he may file an amended complaint asserting this claim and naming all defendants in the case caption.  He may include Eileen Redden and Len Dutkeiwicz as defendants to the extent that he can plausibly allege that their conduct amounted to more than mere negligence.  Any amended complaint must be filed within **thirty (30) days** from the date of this order.  If no amended complaint is filed within the time specified, judgment shall enter and this case shall be closed.

**SO ORDERED** at Bridgeport, Connecticut, this seventeenth day of July 2015.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE

7