UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOE MOORE,<br>    Plaintiff, | : : : | CASE NO. 3:15-cv-00775 (VAB) |
| v. | : : : | |
| CAROLE CHAPEDELAINE, ET AL.,<br>    Defendants. | : : : | APRIL 6, 2016 |

## INITIAL REVIEW ORDER RE AMENEDED COMPLAINT

Plaintiff, Joe Moore, currently incarcerated at the MacDougall-Walker Correctional Institution in Suffield, Connecticut, filed this action *pro se* under 42 U.S.C. § 1983, challenging his sex offender classification score. On July 17, 2015, the Court dismissed all claims against Warden Chapdelaine, the only defendant named in the case caption, and permitted Mr. Moore to file an amended complaint against Dr. Coleman, Counselor Wright, and Counselor Supervisor Wheldon. The Court also stated that Mr. Moore could include Eileen Redden and Len Dutkeiwicz as defendants if he could allege plausibly that their conduct was more than merely negligent. Mr. Moore has filed an amended complaint including all five persons as defendants. Dr. Coleman and Ms. Redden are named in their individual and official capacities. All other defendants are named in their individual capacities only.

The Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. In reviewing a *pro se* complaint, the Court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]."

1

*Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).  Although detailed allegations are not required, the complaint must afford the defendants fair notice of the claims, and the grounds upon which they are based, to demonstrate a right to relief.  *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007).  Conclusory allegations are not sufficient.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "'A document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Boykin v. KeyCorp.*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

I.   Allegations in the Amended Complaint

Mr. Moore sent several letters to Dr. Coleman seeking a copy of his mental health file. On February 10, 2015, Counselor Rosario told Mr. Moore that Dr. Coleman would not see him and directed Mr. Moore to stop writing to Dr. Coleman.  Mr. Moore was advised on several occasions that the proper way to obtain information in his mental health file was to submit a request for chart review.  On June 18, 2015, Dr. Coleman informed Mr. Moore that his sex offender level was not a mental health classification issue, and directed him to Ms. Redden, the Director of the Sex Offender Program.

Ms. Redden and Mr. Dutkeiwicz met with Mr. Moore on June 23, 2015.  Although Mr. Moore allegedly showed them paperwork indicating that he was not convicted of a sex offense, they allegedly told him that his sex offense score would not be reduced from 3 to 1.  Defendants Redden and Dutkeiwicz explained that, under the Department of Correction classification manual, correctional officials may consider other charges that were part of the same criminal case that led to conviction when determining an inmate's sex offense level.  In Mr. Moore's case,

he was convicted on a charge of risk of injury to a minor, but two other charges in the same case, for sexual assault in the first degree and sexual assault in the fourth degree, were nolled.  Mr. Moore told them that they were making a big mistake by trying to make him complete a sex offender class at MacDougall Correctional Institution.

Counselor Supervisor Wheldon also allegedly refused to reduce Mr. Moore's sex offense level, and required him to complete a sex offender class.  On March 27 and April 2, 2015, Counselor Supervisor Wheldon explained that the classification manual permits the Department of Correction to use other charges which may have been nolled, dismissed, dropped or withdrawn, or even charges on which inmate was acquitted, in determining his sexual offender level, as long as the charges were part of the crime which resulted in his conviction.

Counselor Wright allegedly required Mr. Moore to complete a sex offender program from October 2000 through November 2001, while he was confined at Garner Correctional Institution.  She allegedly told him that he would be released on parole if he completed the program.  Although Mr. Moore completed the program, he did not "make parole."

II.     Analysis

In this action, Mr. Moore challenges his sex offender score.  He seeks a declaratory judgment that the defendants violated his rights under the Fourteenth Amendment, a written apology, reduction of his sex offender score from 3 to 1, compensatory damages, and punitive damages.

   A.     Dr. Coleman

Mr. Moore alleges that Dr. Coleman was negligent in failing to meet with him.  *See* Amend Compl. ¶ 1, ECF No. 10.  The exhibits to the Amended Complaint show that Mr. Moore asked Dr. Coleman to provide him documents from his mental health file.  Mr. Moore was

advised of the proper way to obtain the documents. This conduct constitutes, at most, negligence. As the Court explained in its prior order, negligence is not cognizable in a section 1983 action. Initial Review Order at 5, ECF No. 9; *see Hayes v. New York City Dep't of Corrs.*, 84 F.3d 614, 620 (2d Cir. 1996) (in a section 1983 action, "mere negligence will not suffice").

Further, Dr. Coleman informed Mr. Moore that his sex offender score is not established by mental health providers. Amend Compl. at 24. Mr. Moore has not alleged plausibly that Dr. Coleman had any involvement in the calculation of his sex offender score or the decision not to reduce it. Mr. Moore has not alleged a cognizable claim against Dr. Coleman.

B.     Counselor Wright

Mr. Moore alleges that Counselor Wright required him to complete a one-year program for sex offenders from 2000 to 2001, and falsely stated that, if he completed the program, he would be released on parole.

The limitations period for filing a section 1983 action is three years. *See Lounsbury v. Jeffries*, 25 F.3d 131, 134 (2d Cir. 1994). Under federal law, a cause of action accrues—and the statute of limitations begins running—when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action. *See United States v. Kubrick*, 444 U.S. 111, 122-24 (1979). Although the statute of limitations ordinarily is an affirmative defense, the district court "may dismiss an action *sua sponte* on limitations grounds in certain circumstances where 'the facts supporting the statute of limitations defense are set forth in the papers plaintiff himself submitted.'" *Walters v. Industrial and Commercial Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011) (quoting *Leonhard v. United States*, 633 F.2d 599, 609 n.11 (2d Cir. 1980)).

Mr. Moore was last admitted to the custody of the Connecticut Department of Correction on July 14, 2009.[1] He knew before that date that he did not get released on parole from the incarceration during which he completed the 2000 to 2001 sex offender program. Because his claim against Counselor Wright comes more than three years later, it is time-barred and dismissed.

Even if this claim were timely, Wright's conduct does not rise to the level of a constitutional violation. Mr. Moore alleges that defendant Wright required him to complete a program warranted by his classification and incorrectly told him that if he completed the program he would be released on parole. These actions constitute, at most, negligence.

### C.     Counselor Supervisor Wheldon, Psychiatric Social Worker Len Dutkeiwicz, and Director of Sex Offender Program Eileen Redden

Mr. Moore alleges that defendants Wheldon, Dutkeiwicz, and Redden refused to reduce his sex offender score, the calculation of which contemplated charges that were withdrawn, dismissed, or nolled, and/or charges for which he was acquitted. As the Court indicated in its prior order, Mr. Moore's claim for improper classification may have merit. "[I]t continues to be the case that wrongly classifying an inmate as a sex offender may have a stigmatizing effect which implicates a constitutional liberty interest." *Vega v. Lantz*, 596 F.3d 77, 81-82 (2d Cir. 2010). The Court will allow Mr. Moore's claims against defendants Wheldon, Dutkeiwicz, and Redden challenging his sex offender score to proceed.[2]

---

[1] DEPARTMENT OF CORRECTION, Inmate Information, http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=100722 (last visited Apr. 1, 2016).

[2] Nothing in the Amended Complaint makes clear that Mr. Moore knew that his sex offender score was "3" more than three years before the filing of this action, and the Court therefore does not dismiss these claims on limitations grounds at this stage.

**ORDERS**

In accordance with the foregoing analysis, the court enters the following orders:

(1) All claims against defendants Coleman and Wright are **DISMISSED** under 28 U.S.C. § 1915A(b)(1).

(2) **The Clerk shall** verify the current work address of defendants Wheldon, Dutkeiwicz, and Redden with the Department of Correction Office of Legal Affairs, and mail a waiver of service of process request packet to each at their confirmed addresses within **twenty-one (21) days** from the date of this Order. The Clerk shall report to the court on the status of those waiver requests on the thirty-fifth (35) day after mailing. If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service on the defendant in his or her individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(3) **The Clerk shall** prepare a summons form and send an official capacity service packet to the U.S. Marshal Service. The U.S. Marshal is directed to effect service of the Amended Complaint on defendant Redden in her official capacity at the Office of the Attorney General, 55 Elm Street, Hartford, CT 06141, within **twenty-one (21) days** from the date of this order and to file a return of service within thirty (30) days from the date of this order.

(4) **The Clerk shall** send a courtesy copy of the Amended Complaint and this Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

(5) The defendants shall file their response to the Amended Complaint, either an answer or motion to dismiss, within **sixty (60) days** from the date the waiver form is sent. If they choose to file an answer, they shall admit or deny the allegations and respond to the

cognizable claim recited above. They also may include any and all additional defenses permitted by the Federal Rules of Civil Procedure.

(6) Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this Order. Discovery requests need not be filed with the court.

(7) All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this Order.

(8) Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(9) If the plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that the plaintiff MUST notify the court. Failure to do so can result in the dismissal of the case. The plaintiff must give notice of a new address even if he is incarcerated. The plaintiff should write "PLEASE NOTE MY NEW ADDRESS" on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If the plaintiff has more than one pending case, he should indicate all of the case numbers in the notification of change of address. The plaintiff should also notify the defendant or the attorney for the defendant of his new address.

SO ORDERED at Bridgeport, Connecticut, this sixth day of April, 2016.

                                      /s/ Victor A. Bolden
                                      VICTOR A. BOLDEN
                                      UNITED STATES DISTRICT JUDGE